**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE MANUEL GAITAN-HERNANDEZ (A No. 215-975-298),<br><br>Petitioner,<br><br>v.<br><br>CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-06551-JLT-SAB<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 3) |

## I. INTRODUCTION

Before the Court is Jose Manuel Gaitan-Hernandez's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a legal position that this Court has rejected repeatedly. (Doc. 8 at 1–2.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 6.) Respondents "request that the Court resolve the underlying habeas petition on the current briefing and without a hearing." (Doc. 8 at 1.) Similarly, Petitioner "does not request a hearing" or further briefing. (Doc. 9 at 12.) As such, the Court decides this case on the

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 10–12, 13–14.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III. BACKGROUND

Petitioner is from Honduras. (Doc. 1 at 2.) Petitioner was previously removed from the United States on August 20, 2018, pursuant to expedited removal, and again on March 16, 2019, pursuant to a reinstated expedited removal order. (Doc. 8 at 6.) However, on October 3, 2023, Petitioner again re-entered the United States and was granted parole into the country by U.S. Customs and Border Protection. (*See id.*; *see also* Doc. 1-2 at 2.) That day, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 1-2 at 2.) For the following three years, Petitioner lived at liberty in the United States. (Doc. 1 at 6.) On June 9, 2026, an

---

underlying habeas petition on the present record.

Immigration Judge ordered Petitioner removed to Honduras, and Petitioner timely appealed that decision to the Board of Immigration Appeals. (Doc. 8 at 13–16, 18.) That appeal remains pending as of July 2, 2026; therefore, Petitioner's order of removal is not administratively final.[2] (*Id*. at 18); 8 U.S.C. § 1231(a)(1)(B)(i). On July 22, 2026, Petitioner was stopped by local police for speeding and subsequently transferred into ICE custody. (Doc. 8 at 5–6.) Apart from this traffic violation, Petitioner has no criminal history. (*See id*. at 6.) Petitioner was later transferred to the California City Detention Facility, where he remains. (Doc. 1 at 2.)

## IV. DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), but conceding that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), § 1226(a) governs Petitioner's detention. (Doc. 8 at 1.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information confirms that Petitioner's appeal to the BIA remains pending as of July 2, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited September 2, 2026).

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion for temporary restraining order (Doc. 3) is **DENIED** as **MOOT**.

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

4. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 2, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.